IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| ALLIANZ INSURANCE COMPANY<br>And GERLING AMERICA INSURANCE<br>COMPANY, as Subrogee of<br>BERTELSMANN, INC. | * <br><br>* <br><br>* | |
| Plaintiffs, | * | |
| vs. | * | CASE NO.   S02-CV-03178 |
| GLAMOUR MOVING COMPANY, INC.<br>And WESTMINSTER WAREHOUSING<br>SERVICES, INC. | * <br><br>* <br><br>* | |
| Defendants. | | |

\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFF=S MOTION FOR LEAVE TO FILE
## SECOND AMENDED COMPLAINT

NOW COMES Plaintiffs Allianz Insurance Company and Gerling Insurance Company, as subrogee of Bertelsmann, by and through its attorneys, Siskind, Grady, Rosen, Hoover & Levin, P.A., and Grotefeld & Denenberg LLC, and in support of its Motion for Leave to File Second Amended Complaint, states as follows:

1.The original Complaint in this matter was filed on September 27, 2002. (Exhibit 1)2.

An Amended Complaint was filed on January 8, 2003 because of Bertelsmann request to no longer be included in the litigation. (Exhibit 2)

3.Pursuant to the Court=s Scheduling Order, the parties have until June 10, 2003, to move for joinder of additional parties and amendment of pleadings.

      4.      After filing suit, Plaintiffs learned that Carroll Fire Protection was discharged from bankruptcy on February 28, 1996.

Case 1:02-cv-03178-JFM    Document 22    Filed 06/11/2003    Page 2 of 6

5. Plaintiffs conducted an insurance search to determine if Carroll Fire Protection was insured at the time of the loss.

6. The insurance search did not find any information. (Exhibit 3)

7. Through discovery, Plaintiffs have learned that the sprinkler heads installed by Carroll Fire Protection in fact functioned during the fire, contrary to earlier beliefs.

8. Plaintiff wishes to file its Second Amended Complaint in order to remove Carroll Fire Protection as party for the reasons stated above.

9. Federal Rule of Civil Procedure 15(a) provides that party may amend a pleading by leave of Court and shall be freely given when justice so requires. Attached as Exhibit 4 is a copy of Plaintiffs' redlined version of their proposed Second Amended Complaint. Attahced as Exhibit 5 is Plaintiffs' proposed Second Amended Complaint.

10. Pursuant to Local Rule 103.6(d), Plaintiffs' requested consent from other counsel on or about June 6, 2003 and to date has not received said consent.

WHEREFORE, Plaintiffs pray that this Honorable Court grant leave for Plaintiffs to file their Second Amended Complaint for the reasons more fully set forth in the attached Memorandum.

_____
Lloyd J. Snow (Bar No. 03787)
Cindy R. Diamond (Bar No. 05810)
Siskind, Grady, Rosen, Hoover & Levin, P.A.
1100 Mercantile Bank & Trust Building
2 Hopkins Plaza
Baltimore, Maryland 21201
(410) 539-6606

_____
Alyssa J. Endelman (MI Bar No: P61931)
Paul Hines (MI Bar No: P47328)
Grotefeld & Denenberg, LLC
30800 Telegraph Road, Suite 3858
Bingham Farms, MI 48025

(248) 727-7100

Attorneys for Plaintiffs

Dated: June 10, 2003

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| ALLIANZ INSURANCE COMPANY<br>And GERLING AMERICA INSURANCE<br>COMPANY, as Subrogee of<br>BERTELSMANN, INC. | * <br><br>* <br><br>* | |
| Plaintiffs, | | |
| | * | |
| vs. | | CASE NO.   S02-CV-03178 |
| | * | |
| GLAMOUR MOVING COMPANY, INC.<br>And WESTMINSTER WAREHOUSING<br>SERVICES, INC. | * <br><br>* | |
| Defendants. | | |

************

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION
## FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

This action arises out of a fire on October 4, 1999 at Westminster Warehouse in Baltimore, Maryland. Westminster served as a warehouse facility for books owned by Bertelsmann, a division of Random House. As a result of the fire loss, Bertelsmann submitted a claim to their insurers for the damage suffered. After making payment, Bertelsmann=s insurers, Allianz Insurance Company and Gerling Insurance

Company, became subrogated to the rights of Bertelsmann and consequently filed suit in this matter to recover monies paid.

Allianz and Gerling filed suit against Westminster, Glamour Moving and Carroll Fire Protection. Plaintiffs now seek to dismiss Carroll Fire Protection.

Plaintiffs filed suit against Carroll Fire Protection on the basis that the sprinkler system malfunctioned during the fire. However, after reviewing further reports, Plaintiffs learned that the sprinkler heads activated and controlled the fire spread. Nonetheless, Plaintiffs learned on January 13, 2002 that an Order of Discharge in Bankruptcy was granted for Carroll Fire Protection on February 28, 1996. The resident agent informed Plaintiffs that no work on the subject property was performed after the order of discharge was granted. Consequently, Plaintiffs conducted an insurance search to ascertain whether Carroll Fire Protection was insured at the time of loss which would allow Plaintiffs to pursue this action directly against their insurer. The insurance search proved fruitless. (See, Exhibit 3)

For the reasons set forth, Plaintiffs wish to file its Second Amended Complaint (Exhibit 5) which dismisses Carroll Fire Protection as a party to this action.

The Court's Scheduling Order entered on April 9, 2003 stated that Plaintiffs have until June 10, 2003 in which to move for joinder of additional parties and amendment of pleadings.

Fed. Rule of Civ. Pro 15 (a) provides that party may amend a pleading by leave of court, and leave shall be freely given when justice so requires. Under Rule 15(a), Athe decision to grant a party leave to amend its pleadings rests within the sound discretion of the district court. Healthsouth Rehabilitation Hospital v. American Red Cross, 101 F.3d 1005, 1010 (4th Cir. 1996). The general and oft-cited rule is that leave sought should be freely given, Ain the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the party of the movant,Yundue prejudice to the opposing party by

virtue of allowance of the amendment, ect Y@ <u>Barnes</u> v. <u>Prince George=s County</u>, MD 2003 WL 21204536, citing <u>Foman</u> v. <u>Davis</u>, 371 U.S. 178, 182 (1962).

WHEREFORE, Plaintiffs pray that this Honorable Court grant leave for Plaintiff to files its Second Amended Complaint for the reasons set forth above.

        _____
        Lloyd J. Snow (Bar No. 03787)
        Cindy R. Diamond (Bar No. 05810)
        Siskind, Grady, Rosen, Hoover & Levin, P.A.
        1100 Mercantile Bank & Trust Building
        2 Hopkins Plaza
        Baltimore, Maryland 21201
        (410) 539-6606

        _____
        Alyssa J. Endelman (MI Bar No: P61931)
        Paul Hines (MI Bar No: P47328)
        Grotefeld & Denenberg, LLC
        30800 Telegraph Road, Suite 3858
        Bingham Farms, MI 48025
        (248) 727-7100

        Attorneys for Plaintiffs

Dated: June 10, 2003