

FILED
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| ALLIANZ INSURANCE COMPANY, | * | |
| as Subrogee of BERTELSMANN, INC. et al. | | |
| **Plaintiffs,** | * | |
| vs. | * | CASE NO. S02-CV-03178 |
| GLAMOUR MOVING COMPANY, INC., et al. | * | |
| **Defendants.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### PLAINTIFFS' LINE FOR FILING
### FIRST AMENDMENT OF COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, ALLIANZ INSURANCE COMPANY and GERLING AMERICA INSURANCE COMPANY, as subrogees of BERTELSMANN INC, by and through their counsel, GROTEFELD & DENENBERG, L.L.C., and SISKIND, GRADY, ROSEN, HOOVER & LEVIN, P.A., hereby file herewith their Amended Complaint in the above captioned action. This is Plaintiffs' first amendment of the Complaint and responsive pleadings have not yet been served. The amendment is thus being filed as a matter of course pursuant to F. R. Civ. P. 15(a), and accordingly, leave of court is not required by the Rule. The purpose of the amendment is to remove one of the party plaintiffs from the action. Both a "red-lined" copy and a final copy of the Amended Complaint incorporating the revisions, are filed herewith.

Lloyd J. Snow (Bar No. 03787)
Cindy R. Diamond (Bar No. 05810)
Siskind, Grady, Rosen, Hoover & Levin, P.A.
1100 Mercantile Bank & Trust Building
2 Hopkins Plaza
Baltimore, Maryland 21201
(410) 539-6606

and                                          *

**CARROLL FIRE PROTECTION, INC.** *
5511 Strawbridge Terrace
Sykesville, MD 21784                         *
<u>Serve On:</u>
Rosser J. Pettit, Resident Agent             *
343 N. Charles St.
Baltimore, MD 21201                          *

    Defendants.                              *

\* * * * * * * * * * * * *

## JURY DEMAND

Plaintiffs, ALLIANZ INSURANCE COMPANY and GERLING AMERICA as subrogees of BERTELSMANN INC., by and through counsel, hereby request trial by jury in this matter.

_____
Lloyd J. Snow (Bar No. 03787)
Cindy R. Diamond (Bar No. 05810)
Siskind, Grady, Rosen, Hoover & Levin, P.A.
1100 Mercantile Bank & Trust Building
2 Hopkins Plaza
Baltimore, Maryland 21201
(410) 539-6606

_____
Alyssa J. Endelman (MI Bar No: P61931)
Paul Hines (MI Bar No: P47328)
Grotefeld & Denenberg, LLC
30800 Telegraph Road, Suite 3858
Bingham Farms, MI 48025
(248) 727-7100

Attorneys for Plaintiffs

Dated: January ___, 2003
70170

13

*Alyssa J. Endelman* /1/5
Alyssa J. Endelman (MI Bar No: P61931)
Paul Hines (MI Bar No: P47328)
Grotefeld & Denenberg, LLC
30800 Telegraph Road, Suite 3858
Bingham Farms, MI 48025
(248) 727-7100

Attorneys for Plaintiffs

Dated: January 8, 2003

2591.002/Line for amendment.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| ALLIANZ INSURANCE COMPANY<br>3400 Riverside Rd.<br>Burbank, CA 91505<br>as Subrogee of BERTELSMANN, INC. | * <br> * <br> * |  |
| and | * | |
| GERLING AMERICA INSURANCE<br>COMPANY<br>717 5th Ave.<br>New York, NY 10022<br>as Subrogee of BERTELSMANN, INC. | * <br> * <br> * | *["Red – Lined" Copy]* |
| ~~and~~<br>~~BERTELSMANN INC.~~<br>~~1540 Broadway - 24th Floor~~<br>~~New York, NY 10036~~ | ~~*~~ | |
| Plaintiffs, | * | S02-CV-03178 |
| vs. | * | CASE NO. _____ |
| GLAMOUR MOVING COMPANY, INC.<br>1990 Meadow Dr.<br>Westminster, MD 21158<br>Serve On:<br>Jack E. Dill, Resident Agent<br>1990 Meadow Dr.<br>Westminster, MD 21158 | * <br> * <br> * <br> * | |
| and | * | |
| WESTMINSTER WAREHOUSING<br>SERVICES, INC.<br>142 Railroad Ave.<br>Westminster, MD 21157<br>Serve On:<br>Lee Nelson Kohler, Resident Agent<br>9409 Washington Ave.<br>Towson, MD 21204 | * <br> * <br> * | |
| and | * | |

| | |
|---|---|
| **CARROLL FIRE PROTECTION, INC.** | * |
| 5511 Strawbridge Terrace | |
| Sykesville, MD 21784 | * |
| <u>Serve On:</u> | |
| Rosser J. Pettit, Resident Agent | * |
| 343 N. Charles St. | |
| Baltimore, MD 21201 | * |
| | |
| **Defendants.** | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### <u>AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL</u>

~~NOW COME~~ Plaintiffs, ALLIANZ INSURANCE COMPANY and GERLING AMERICA INSURANCE COMPANY, as subrogees of BERTELSMANN INC, ~~and BERTELSMANN INC.,~~ by and through their counsel, GROTEFELD & DENENBERG, L.L.C., <u>and SISKIND, GRADY, ROSEN, HOOVER & LEVIN, P.A., sue Defendants, GLAMOUR MOVING COMPANY, INC., WESTMINSTER WAREHOUSING SERVICES, INC., and CARROLL FIRE PROTECTION, INC.,</u> and for their <u>Amended</u> Complaint, ~~states~~ as follows:

### **PARTIES**

1.  Plaintiff, Allianz Insurance Company, (hereinafter "Allianz") is an insurance company incorporated in California, with its principal place of business in California, and is licensed to issue policies of insurance in the State of Maryland.

2.  Plaintiff, Gerling America (hereinafter "Gerling") is an insurance company incorporated in New York, with its principal place of business in New York, and is licensed to issue policies of insurance in the State of Maryland.

3.  Plaintiff<u>'s Insured</u>, Bertelsmann Inc. (hereinafter "Bertelsmann"), is a Delaware corporation with its principal place of business located at 1540 Broadway, 24th Floor, New York,

2

New York 10022.

4.  Defendant, Glamour Moving Company, Inc., (hereinafter "Glamour") is a Maryland corporation with its principal place of business located at 1990 Meadow Dr., Westminster, Maryland 21158.

5.  Defendant, Westminster Warehousing Services, Inc. (hereinafter "Westminster") is a Maryland corporation with its principal place of business located at 142 Railroad Ave., Westminster, Maryland 21157.

6.  Defendant, Carroll Fire Protection, Inc. (hereinafter "Carroll") is an inactive Maryland corporation with its principal place of business located at 5511 Strawbridge Terrace, Sykesville, Maryland 21784.

## JURISDICTION AND VENUE

7.  This Court has jurisdiction over this dispute pursuant to 28 USC § 1332, because the matter in controversy exceeds the sum of Seventy Five Thousand Dollars ($75,000.00) exclusive of interest and costs and is between citizens of different states.

8.  Venue is proper within this jurisdiction pursuant to 28 USC § 1391 (a).

## GENERAL ALLEGATIONS

9.  Prior to October 4, 1999, Bertelsmann contracted with Defendant Westminster either expressly and/or impliedly, for the storage and safekeeping of books (hereinafter "the Books").

10. The Books were stored by Defendant Westminster at a building located at 142 Railroad Avenue, Westminster, Maryland (hereinafter "the Building").

11. On or about October 4, 1999, a fire occurred at the Building, thereby causing extensive damage to the Books.

12. The fire was caused by an electrical malfunction of some wiring (hereinafter "the Wiring") located in the office of Defendant Glamour, which operated in the subject Building.

13. Defendant Glamour installed and/or performed work on the subject Wiring prior to the fire.

14. The fire suppression system for the building may have failed to properly extinguish the fire in question.

15. ~~As a direct and proximate result of Defendants' acts and omissions, Plaintiffs Allianz, Gerling and Bertelsmann incurred damages in an amount in excess of Two Hundred Fifteen Thousand Dollars ($215,000.00).~~

1<u>5</u><s>6</s>. Prior to October 4, 1999, Plaintiff Allianz issued a policy of insurance ~~(the "Policy")~~ to its insured, Bertelsmann, insuring it against loss or damage to the Books.

1<u>6</u><s>7</s>. Prior to October 4, 1999, Plaintiff Gerling issued a policy of insurance<s>,</s> ~~(the "Policy")~~ to its insured, Bertelsmann, insuring it against loss or damage to the Books.

1<u>7</u><s>8</s>. ~~The~~ <u>Allianz' and Gerling's P</u>policies <u>of insurance</u> were in full force and effect on October 4, 1999, when the Books were damaged by fire.

1<u>8</u><s>9</s>. As a direct, proximate and legal result of the loss caused by Defendants' acts and/or Plaintiffs Allianz and Gerling were obligated <u>to</u> make payments to Bertelsmann in an amount in excess of One Hundred Sixty Five Thousand Dollars ($165,000.00) for Bertelsmann's losses.

1<u>9</u><s>20</s>. As a result of such payments to Bertelsmann, Plaintiffs Allianz and Gerling have become subrogated to Bertelsmann's rights of recovery against Defendants to the extent of payments made.

21. ~~Bertelsmann suffered uninsured losses of $50,000.00.~~

4

~~WHEREFORE, Allianz Insurance Company, and~~ Gerling America and Bertelsmann Inc. ~~demand judgment against Defendants in an amount in excess of~~ One Two Hundred Sixty Five Fifteen ~~Thousand Dollars ($2~~ 165,000.00 ~~), exclusive of costs, interest, and attorneys fees.~~

### COUNT I
### NEGLIGENCE AND GROSS NEGLIGENCE OF DEFENDANT GLAMOUR

20~~2~~.   Plaintiffs incorporate by reference paragraphs 1 through 21 9 as though fully set forth herein.

21~~3~~.   Prior to October 4, 1999, Defendant installed and/or performed work on the electrical wiring in its office located in the Building.

2~~2~~4.   Defendant Glamour owed a duty to <u>Plaintiffs and</u> Bertelsmann to perform its work in a safe and proper manner and in accordance with all applicable practices, requirements, ordinances, statutes, regulations, and standards.

23~~5~~.   Defendant Glamour breached its duties owed to Bertelsmann and Plaintiffs through its acts and/or omissions constituting negligence and gross negligence, including, but not limited to:

   a. Using improper and unsafe practices in performing work on the electrical wiring at the Building;

   b. Allowing its employees to perform electric work rather than hire a professional;

   c. Failing to take the precautionary measures necessary to insure that Defendant's work would not cause a fire;

   d. Failing to perform the electrical work in a safe and proper manner, specifically in a manner which would not cause a fire;

   e. Failing to observe applicable codes and other safe practices related to electrical wiring;

   f. Performing electric work in a manner demonstrating reckless disregard as to whether injury to person or property would occur, given the Defendant's lack of professional experience with electrical wiring;

5

  g. Failing to take other reasonable precautions to prevent loss and damage to the Books; and

  h. Any other acts and/or omissions made known during discovery.

246. As a direct and proximate result of the negligence of Defendant Glamour, Plaintiffs suffered losses in an amount in excess of One ~~Two~~ Hundred Sixty Five~~Fifteen~~ Thousand Dollars ($~~2~~165,000.00) together with costs, interest, expenses and reasonable attorney fees allowed by law.

WHEREFORE, Allianz Insurance Company, and Gerling America ~~and Bertelsmann Inc.~~ demand judgment against Defendant Glamour Moving Company, Inc. for compensatory damages in an amount ~~in excess~~ of Two Hundred ~~Fifteen~~ Thousand Dollars ($~~215~~200,000.00), ~~exclusive~~ plus of ~~costs,~~ interest, and costs~~attorneys fees~~.

## COUNT II
## BAILMENT BY DEFENDANT WESTMINSTER

25~~7~~. Plaintiffs incorporates by reference paragraphs 1 through 246 as though fully set forth herein.

26~~8~~. At all times relevant herein, Defendant Westminster contracted with Bertelsmann for the storage and safekeeping its Books.

27~~9~~. Prior to October 4, 1999, Bertelsmann delivered the Books into the care, custody and control of Westminster for the purpose of storing and safekeeping them.

28~~30~~. Defendant Westminster accepted the Books for the purpose of storing and safekeeping them, thus creating a bailment whereby the Defendant Westminster became liable for the value of the Books while under its care, custody and control.

29~~31~~. Defendant Westminster owed a duty to Plaintiff, and Plaintiff's Subrogors, to return the Books to Bertelsmann's custody in the same condition as when they were received.

30~~2~~. Defendant Westminster breached its duty by failing to return the Books to

6

Bertelsmann's custody in the same condition as when received, as contemplated between the parties.

31<u>2</u><s>3</s>. As a direct and proximate result of the bailment of Defendant Westminster, Plaintiffs suffered losses in an amount in excess of <u>One</u><s>Two</s> Hundred <u>Sixty Five</u><s>Fifteen</s> Thousand Dollars ($<s>2</s>1<u>65</u>,000.00), together with costs, interest, expenses and reasonable attorney fees allowed by law.

WHEREFORE, Allianz Insurance Company, <u>and</u> Gerling America <s>and Bertelsmann Inc.</s> demand judgment against Defendant <u>Westminster Warehousing Services, Inc. for compensatory damages</u> in <s>an</s> <u>the</u> amount <s>in excess</s> of Two Hundred <s>Fifteen</s> Thousand Dollars ($<s>215</s><u>200</u>,000.00), <s>exclusive</s> <u>plus</u> <s>of costs,</s> interest<s>,</s> and <u>costs</u><s>attorneys fees</s>.

### COUNT III
### BREACH OF EXPRESS AND/OR IMPLIED CONTRACT
### BY DEFENDANT WESTMINSTER

3<u>2</u><s>4</s>. Plaintiffs incorporates by reference paragraphs 1 through 31<u>3</u> as though fully set forth herein.

33<u>3</u><s>5</s>. Bertelsmann and Defendant Westminster entered into an express and/or implied agreement in which Westminster promised to store and safekeep Bertelsmann's Books. Pursuant to the agreement, Westminster was to return the Books to Bertelsmann in the same condition as when received.

34<u>4</u><s>6</s>. Bertelsmann, in return for Defendant Westminster's services, agreed to pay the consideration demanded by Westminster for the storage.

35<u>5</u><s>7</s>. Defendant Westminster was expressly and/or impliedly hired for the purpose of storing books for the direct and intended benefit of Bertelsmann. Bertelsmann relied upon Defendant Westminster's skill and judgment in performing the services, and believed the storage would be safe and the Books would be returned to it free of damage.

36̲8̶. Defendant Westminster breached its express and/or implied promises made to Bertelsmann as set forth above. The storage facility was not kept free from fire hazards due to negligent electrical wiring, and the fire suppression system may have been inadequate. Defendant Westminster did not return the books in a condition free of damage as contemplated among the parties.

WHEREFORE, Allianz Insurance Company, and Gerling America and Bertelsmann Inc. demand judgment against Defendant Westminster Warehousing Services, Inc. for compensatory damages in an the amount in excess of Two Hundred Fifteen Thousand Dollars ($215200,000.00), exclusive plus of costs, interest, and costs attorneys fees.

**COUNT IV**
**BREACH OF EXPRESS AND/OR IMPLIED WARRANTY**
**BY DEFENDANT WESTMINSTER**

37̲9̶. Plaintiffs hereby incorporates by reference, as if fully set forth herein, paragraphs 1 through 38̲6̶ of its Complaint.

38̲4̶0̶. When Bertelsmann hired Defendant Westminster to store the Books, Bertelsmann received from Defendant certain express and/or implied warranties as to the safety of the storage, including that it was safe for the purpose intended and of merchantable quality.

39̲4̶1̶. Defendant Westminster further warranted it would return the Books to Bertelsmann in the same condition as when received.

40̲2̶. Bertelsmann relied upon Defendant Westminster's skill and judgment to perform its services in a safe and workmanlike manner, and in a manner which would not present an unreasonable risk of harm.

41~~3~~3. Defendant Westminster breached its implied warranties, as the services performed were unsafe, presented a danger of, and did cause property damage, were not fit for their purpose and not of a merchantable quality.

WHEREFORE, Allianz Insurance Company, and Gerling America ~~and Bertelsmann Inc.~~ demand judgment against Defendant Westminster Warehousing Services, Inc. for compensatory damages in ~~an~~ the amount ~~in excess~~ of Two Hundred ~~Fifteen~~ Thousand Dollars ($~~215~~200,000.00), ~~exclusive~~ plus ~~of costs,~~ interest, and costs~~attorneys fees~~.

## COUNT V
## NEGLIGENCE BY DEFENDANT WESTMINSTER

4~~2~~4. Plaintiffs incorporates by reference paragraphs 1 through 4~~1~~3 as though fully set forth herein.

4~~3~~5. At all times relevant hereto, Defendant Westminster provided storage for the Books.

4~~4~~6. Defendant Westminster owed a duty to Plaintiffs and Bertelsmann to provide storage which was safe.

4~~5~~7. Defendant Westminster breached its duties owed to Bertelsmann and Plaintiffs through its acts and/or omissions constituting negligence, including, but not limited to:

    a. Allowing Defendant Glamour to perform electrical work on the property, despite the fact Glamour is not qualified to do so;

    b. Failing to provide an adequate fire suppression system at the Building in question;

    c. Failing to observe applicable codes and other safe practices related to the electrical wiring of the subject Building;

    d. Failing to take other reasonable precautions to prevent the fire in question and the damage to Bertelsmann's property; and

    e. Any other acts and/or omissions made known during discovery.

4~~6~~8. As a direct and proximate result of the negligence of Defendant Westminster, Plaintiffs suffered losses in an amount in excess of <u>One</u> ~~Two~~ Hundred <u>Sixty Five</u> ~~Fifteen~~ Thousand Dollars ($~~2~~1<u>65</u>,000.00), together with costs, interest, expenses and reasonable attorney fees allowed by law.

WHEREFORE, Allianz Insurance Company, <u>and</u> Gerling America ~~and Bertelsmann Inc.~~ demand judgment against Defendant <u>Westminster Warehousing Services, Inc. for compensatory damages</u> in ~~an~~ <u>the</u> amount in excess of Two Hundred ~~Fifteen~~ Thousand Dollars ($~~215~~<u>200</u>,000.00), ~~exclusive~~ <u>plus</u> ~~of costs,~~ interest, and ~~attorneys fees~~<u>costs</u>.

**COUNT VI**
**NEGLIGENCE OF DEFENDANT CARROLL FIRE PROTECTION**

47<u>9</u>. Plaintiffs incorporate by reference paragraphs 1 through 46<u>8</u> as though fully set forth herein.

48~~50~~. Prior to October 4, 1999, Defendant Carroll installed and/or performed work on the fire suppression system located in the Building.

49~~51~~. Defendant Carroll owed a duty to <u>Plaintiffs and</u> Bertelsmann to perform its work in a safe and proper manner and in accordance with all applicable practices, requirements, ordinances, statutes, regulations, and standards.

5<u>0</u>~~2~~. Defendant Carroll breached its duties owed to Bertelsmann and Plaintiffs through its acts and/or omissions constituting negligence and gross negligence, including, but not limited to:

    a.    Using improper and unsafe practices in installing and/or servicing the fire suppression system in the Building;

    b.    Failing to notice that the fire suppression system was installed improperly;

    c.    Failing to observe applicable codes and other safe practices related to fire suppression systems;

    d.    Performing its work in a manner demonstrating reckless disregard as to whether injury to person or property would occur;

    e.    Failing to take other reasonable precautions to ensure the fire suppression system would operate properly to extinguish the fire at issue; and

    f.    Any other acts and/or omissions made known during discovery.

5~~1~~3.   As a direct and proximate result of the negligence of Defendant Carroll, Plaintiffs suffered losses in an amount in excess of One ~~Two~~ Hundred Sixty Five ~~Fifteen~~ Thousand Dollars ($~~2~~1_65_,000.00), together with costs, interest, expenses and reasonable attorney fees allowed by law.

WHEREFORE, Allianz Insurance Company, and Gerling America ~~and Bertelsmann Inc.~~ demand judgment against Defendants Carroll Fire Protection, Inc. for compensatory damages in ~~an~~ the amount ~~in excess~~ of Two Hundred ~~Fifteen~~ Thousand Dollars ($~~215~~200,000.00), ~~exclusive~~ plus of ~~costs,~~ interest, and ~~attorneys fees~~ costs.

_____
Lloyd J. Snow (Bar No. 03787)
Cindy R. Diamond (Bar No. 05810)
Siskind, Grady, Rosen, Hoover & Levin, P.A.
1100 Mercantile Bank & Trust Building
2 Hopkins Plaza
Baltimore, Maryland 21201
(410) 539-6606

_____
Alyssa J. Endelman (MI Bar No: P61931)
Paul Hines (MI Bar No: P47328)
Grotefeld & Denenberg, LLC
30800 Telegraph Road, Suite 3858
Bingham Farms, MI 48025
(248) 727-7100

Attorneys for Plaintiffs

Dated: January ___, 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | |
|---|---|
| ALLIANZ INSURANCE COMPANY | * |
| 3400 Riverside Rd. | |
| Burbank, CA 91505 | * |
| as Subrogee of BERTELSMANN, INC. | |
| | * |
| and | |
| | * |
| GERLING AMERICA INSURANCE | |
| COMPANY | * |
| 717 5th Ave. | |
| New York, NY 10022 | * |
| as Subrogee of BERTELSMANN, INC. | |
| | * |
| ~~and~~ | |
| | * |
| ~~BERTELSMANN INC.~~ | |
| ~~1540 Broadway - 24th Floor~~ | * |
| ~~New York, NY 10036~~ | |
| | * |
| Plaintiffs, | |
| | * |
| vs. | CASE NO. S02-CV-03178 |
| | * |
| GLAMOUR MOVING COMPANY, INC. | |
| 1990 Meadow Dr. | * |
| Westminster, MD 21158 | |
| Serve On: | * |
| Jack E. Dill, Resident Agent | |
| 1990 Meadow Dr. | * |
| Westminster, MD 21158 | |
| | * |
| and | |
| | * |
| WESTMINSTER WAREHOUSING | |
| SERVICES, INC. | * |
| 142 Railroad Ave. | |
| Westminster, MD 21157 | * |
| Serve On: | |
| Lee Nelson Kohler, Resident Agent | * |
| 9409 Washington Ave. | |
| Towson, MD 21204 | * |

12