IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

ALLIANZ INSURANCE COMPANY And
GERLING AMERICA INSURANCE COMPANY,
as Subrogee of BERTELSMANN, INC.

Plaintiffs,

vs.                                             CASE NO. S02-CV-03178

GLAMOUR MOVING COMPANY, INC. And
WESTMINSTER WAREHOUSING SERVICES,
INC.

Defendants.

## PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Plaintiffs, ALLIANZ INSURANCE COMPANY and GERLING AMERICA INSURANCE COMPANY, as Subrogees of BERTELSMANN, INC., by and through their counsel GROTEFELD & DENENBERG, L.L.C., and SISKIND, GRADY, ROSEN & HOOVER, P.A., and for their Motion for Summary Judgment rely on the attached Memorandum of Law.

    Alyssa Endelman (MI Bar No: P61931) Paul
    Hines (MI Bar No: P47328)
    Grotefeld & Denenberg, LLC
    30800 Telegraph Road, Suite 3858
    Bingham Farms, MI 48025
    (248) 727-7100
    And

                                                Lloyd J. Snow (Bar No. 03787)
Cindy R. Diamond (Bar No. 05810)
Siskind, Grady, Rosen & Hoover, P.A.
1100 Mercantile Bank & Trust Building
2 Hopkins Plaza
Baltimore, Maryland 21201
(410) 539-6606

Attorneys for Plaintiffs

Dated: November 21, 2003

86941

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

ALLIANZ INSURANCE COMPANY
And GERLING AMERICA INSURANCE
COMPANY, as Subrogee of
BERTELSMANN, INC.

Plaintiffs,

vs.                                                            CASE NO.S02-CV-03178

GLAMOUR MOVING COMPANY, INC. And
WESTMINSTER WAREHOUSING SERVICES,
INC.

      Defendants.

## PLAINTIFFS' MEMORANDUM OF LAW
## IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Plaintiffs, ALLIANZ INSURANCE COMPANY and GERLING AMERICA INSURANCE COMPANY, as Subrogees of BERTEL.SMANN, INC., by and through their counsel GROTEFELD & DENENBERG, L.L.C., and SISKIND, GRADY, ROSEN & HOOVER, P.A., and for their Memorandum of Law in Support of Motion for Summary Judgment, states as follows:

**I.      INTRODUCTION**

This action involves fire which took place on October 4, 1999 at Westminster Warehouse in Baltimore, Maryland. Westminster served as a warehouse storage facility for books owned by Bertelsmann, a division of Random House. As a result of the fire loss, Bertelsmann submitted a claim in the amount of $165,633.04 to their insurers for the damage suffered. After making payment, in the amount of $165,633.04, Bertelsmann's insurers, Allianz Insurance Company and Gerling Insurance Company, became subrogated

to the rights of Bertelsmann and consequently filed suit in this matter to recover monies paid.

On September 18, 2003, Plaintiffs' counsel submitted Requests for Admissions to Defendant Westminster Warehousing and Defendant Glamour Moving. Defendants failed to answer Plaintiffs' Requests for Admissions. Plaintiffs seek to have the issues of liability determined as a matter of law because its Requests for Admissions to Defendants are deemed admitted under Fed. R. Civ. P. 36 (a).

II. **STANDARD** OF REVIEW

Allianz moves for summary judgment pursuant to Fed. R. Civ. P. 56. In order to prevail, Allianz must establish there are no genuine issues of material fact, and it is entitled to judgment as a matter of law. Celotex Corp. v Catrett, 477 U.S. 317, 325 (1986). A fact is material only when its resolution affects the outcome of the case. Anderson v Liberty Lobby, 477 U.S. 242, 248 (1986). Where the issues to be resolved are legal, as opposed to factual, summary judgment is particularly appropriate. Shempert v Harwick Chemical Corp., 151 F. 3d 793, 796 (8t" Cir. 1998); **Crab** v Board of Police Commissioners, 920 F.2d 1402, 1405-1406 (8t" Cir. 1990).

III.     ARGUMENT

    A.     Defendants Admit **Plaintiffs' Entire Request for Admissions**

Attached to this Motion is an Affidavit attesting to the fact that Defendants have failed to timely respond to Plaintiffs' Request for Admissions. (Exhibit A).

On September 18, 2003, Plaintiff filed and served upon Defendant, Glamour Moving, five (5) Requests for Admissions. (Exhibit B). Defendant failed to respond to

2

these five (5) Requests for Admissions within the thirty (30) days provided for in Fed. R. Civ. P. 36(a). Further, on September 18, 2003, Plaintiffs filed and served upon Defendant, Westminster Warehousing, four (4) Requests for Admissions. **(Exhibit C).** Defendant failed to respond to these four (4) Requests for Admission within the thirty days provided for in Fed. R. Civ. P. 36(a). Fed. R. Civ. P. 36(a) provides that "[a] party may serve upon any other party a written request for admission." Further, "[t]he matter is admitted unless, within 30 days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addresses to the matter."

In <u>Whiting</u> v <u>Weslowski</u>, 200 F.R.D. 263 (E.D.N.C. 2000), the court granted Defendants' Motion for Summary Judgment when Plaintiffs failed to respond to Defendants' Requests for Admission. Defendants served their first set of Requests of Admission on December 27, 1999. Plaintiff did not respond until January 31, 2000 when Plaintiff filed a motion to Amend Scheduling Order. Defendants filed a Motion requesting their Request for Admissions be deemed admitted on February 15, 2000.

The court found Plaintiffs had thirty-three days to respond and failed to do so. Further, Plaintiff offered no justification for his failure to answer. Plaintiff neither objected to Defendants' Request for Admissions, nor answered them. The court deemed Plaintiff to have admitted the admissions, and as such, found no contested material issues of fact. Based on the admissions and lack of contested issues of fact, the court granted Defendants' Motion for Summary Judgment.

Defendants have not answered or objected to Plaintiffs' requests. Accordingly, Defendants admit Plaintiffs' requests and these admissions can form the basis for summary judgment. Donovan v Porter, 584 F.Supp. 202, 208 (D. Md. 1984)

Accordingly, in the case at hand, Defendant Glamour admitted the following matters: Glamour employs Scott Broadfoot, Charles Kuhn was previously employed by Glamour, Jack Dill is a principal with Glamour, Scott Broadfoot and Jack Dill installed the wiring that is the subject of this lawsuit, and Glamour was aware that Scott Broadfoot installed the electrical wiring which is the subject of this lawsuit.

Defendant Westminster Warehousing admitted the following matters: Westminster was employed by Bertelsmann to provide a storage facility for book, Glamour was a tenant of the warehouse, a fire occurred on or about October 6, 1999 in the warehouse owned by Westminster and Westminster was the bailee of the books being stored at the warehouse.

Furthermore, Defendants have failed to respond to request for admissions, failed to seek an extension of time to answer the requests, and has failed to object to the form or content of the requests for admissions. Therefore, because of Defendants' failures,

the requests are deemed admitted and these admissions may form the basis for summary judgment.

**B.**  **Defendants' Admissions Establish Its Liability**

   **1. Defendant Westminster**

A bailment is 'the relation created through the transfer of the possession of goods or chattels, by a person called the bailor to a person called the bailee, without a transfer of ownership, for the accomplishment of a certain purpose, whereupon the goods or chattels

4

are to be dealt with according to the instructions of the bailor'. <u>Refining Co.</u> v <u>Harvester</u> Co., 196 A. 131, 135 (Md. 1938). The prima facie case for a negligence action has been outlined as a three-element test: (1) delivery of the goods to the defendant/bailor, (2) bailment for hire, and (3) the bailor's failure to return the goods in like condition. <u>TransSystem Ser. Inc.</u> v <u>Keener</u>, 239 A.2d 897, 898 (Md. 1968). If this prima facie evidence is presented, the burden shifts to the bailee to show lack of negligence. <u>Commodities Reserve Corp.</u> v <u>Belt's Wharf Warehouses. Inc.</u>, 529 A.2d 822, 823 (Md. 1987). When a bailor-bailee relationship is established, Plaintiff has the benefit of an inference or presumption of negligence that arises from a mere showing of non-return of his property. <u>Broadview Apartments Co.</u> v <u>Baughman</u>, 350 A.2d 707, 710 (Md. 1976)

In failing to respond to Plaintiffs' Request for Admissions, Defendant Westminster has admitted that (1) the goods were delivered to the Defendant/bailor, (2) Defendant was hired to provide storage for the goods, and (3) the Defendant/bailor failed to return the goods in like condition. Plaintiff bailed its property with Defendant pursuant to contract, in good condition, and because of the fire, Plaintiffs' Insured's property was damaged. Therefore, Plaintiffs have the benefit of a presumption of negligence due to the fact that the subject matter of the bailment was destroyed.

### 2.   Defendant Glamour

In order to establish a prima facie claim in negligence, Plaintiff must allege facts demonstrating (1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual injury or loss,

5

and (4) that the loss or injury proximately resulted from the defendant's breach of the duty. <u>Remsbura v Montgomery,</u> 831 A.2d 18, 26 (Md. 2003).

By failing to respond to Plaintiff's Request for Admissions, Defendant Glamour had admitted its negligence in allowing its employees to perform electrical work which it knew or should have known violated the standards for such electrical work.

IV.  **CONCLUSION**

Under the above facts and circumstances, Plaintiffs are entitled to summary judgment for the damage caused by Defendants' negligence, or, in the alternative, Plaintiffs are entitled to partial summary judgment deeming Plaintiffs' Requests for Admissions admitted.

                Alyssa Endelrhan (MI Bar No: P61931)
                Paul Hines (MI Bar No: P47328)
                Grotefeld & Denenberg, LLC
                30800 Telegraph Road, Suite 3858
                Bingham Farms, MI 48025
                (248) 727-7100
                And

                Lloyd J. Snow (Bar No. 03787)
                Cindy R. Diamond (Bar No. 05810)
                Siskind, Grady, Rosen, Hoover & Levin, P.A.
                1100 Mercantile Bank & Trust Building
                2 Hopkins Plaza
                Baltimore, Maryland 21201
                (410) 539-6606
Dated: November 21, 2003      Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| ALLIANZ INSURANCE COMPANY<br>And GERLING AMERICA INSURANCE<br>COMPANY, as Subrogee of<br>BERTELSMANN, INC. | * | |
| | * | |
| Plaintiffs, | | |
| | * | |
| vs. | | CASE NO.S02-CV-03178 |
| | * | |
| GLAMOUR MOVING COMPANY, INC.<br>And WESTMINSTER WAREHOUSING<br>SERVICES, INC. | | |
| | * | |
| Defendants. | | |

## AFFIDAVIT OF ALYSSA J. ENDELMAN

I, Alyssa J. Endelman, being first duly sworn, deposed, and state the following:

1. I am counsel for Plaintiffs, Allianz Insurance Company and Gerling America Insurance Company, as Subrogee of Bertelsmann, Inc.

2. On September 18, 2003, I filed and served, via facsimile, Defendants, Westminster Warehousing and Glamour Moving with Requests for Admissions.

3. As of November 21, 2003, both Defendants have failed to respond to these Requests for Admissions.

                                                Alyssa J. ndelmah (MI Bar No: P61931)
                                                Attorneys for Plaintiffs

Subscribed and sworn to before me on
the 21 sto , November, 03.