WCPJR:dmk
11/25/03

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **ALLIANZ INSURANCE COMPANY, as** Subrogee of BERTELSMANN, INC. et al. | * |
| | * |
| **Plaintiffs** | *    **CASE NO.: JFM 02 CV 3178** |
| V. | * |
| **GLAMOUR MOVING COMPANY, INC., et al.** | * |
| **Defendants** | |

\*   \*   \*   \*   \*   \*   \*

### RESPONSE TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Now comes Glamour Moving Company, Inc., by its attorneys, William C. Parler, Jr., and Parler & Wobber, L.L.P., hereby responds to Plaintiffs' Motion for Summary Judgment. Plaintiffs' Motion should be denied for the following reasons:

### INTRODUCTION

This case involves a fire which occurred on October 4th, 1999 at Westminster Warehouse in Baltimore, Maryland. Westminster Warehouse served as a warehouse storage facility for books owned by Bertelsmann, Inc. As a result of the fire, Bertlesmann submitted a claim to its insurer, Allianz Insurance Company, in the amount of $165,633.04 pursuant to its policy for alleged damages suffered as a result of the fire. Allianz Insurance Company paid the claim and filed this action seeking recovery of the sums paid to Bertelsmann, Inc. from Westminster Warehouse and Glamour Moving, alleging that the Defendants' negligence was the proximate cause of the loss. Plaintiffs' now seek Summary Judgment against both Defendants on the basis of unanswered Requests for Admissions of Fact.

## **ARGUMENT**

Plaintiffs' seek Summary Judgment in the instant case on the basis of unanswered Requests for Admissions of Fact that were allegedly served on Defendant Glamour Moving Company on or about September 18th, 2003. Federal Rule of Civil Procedure 36 states that Requests for Admissions served upon a party may be deemed admitted if written responses are not served within thirty days.  Integral to the rule is the requirement that Requests for Admissions must be served upon a party.  In the instant case Glamour Moving Company was never served with Plaintiffs' Request for Admissions of Fact.  The first Glamour Moving Company learned of these Requests for Admissions of Fact was the instant motion.  A review of Plaintiffs' exhibits reveals that the Requests for Admissions of Fact were to be served upon John Packard via facsimile to (410) 841-6591.  See Plaintiffs' Motion for Summary Judgment "Exhibit B", attached hereto as "Exhibit A."  However, the facsimile number listed on the certificate of service and exhibited on the facsimile confirmation sheet attached to the motion is not the facsimile number of Parler & Wobber, L.L.P., counsel for Glamour Moving.  See Affidavit of William C. Parler, attached hereto as "Exhibit B."  Parler & Wobber, L.L.P. has a facsimile number of (410) 832-2536.  See "Exhibit B."  Thus, Defendant has never been served with Plaintiffs' Requests for Admissions of Fact and thus has not been able to respond.  Defendant was not even aware that Requests for Admissions were allegedly served as there is no Notice of Service on the electronic docket.  See Docket Sheet, attached hereto as "Exhibit C."

A failure to respond to requests for admissions within 30 days does not require a Court to deem the matters admitted.  See *United States v. Turk*, 139 F.R.D. 615 (D.Md. 1991).  In *Turk*, the Court determined that to conclusively find facts against the Defendant without giving him an opportunity to be heard would not further the interests of justice, particularly as Federal Rule of Civil Procedure 36 permits the Court great latitude in extending time to file answers and permitting amendments.  *Id* at 618 (citations omitted).  In *Whiting v. Weslowski*, 200 F.R.D. 263

(E.D.N.C. 2000), which is relied upon by the Plaintiffs', the Court held that Plaintiff offered no justification for his failure to answer and deemed them admitted.  In the instant case, Defendant Glamour has exhibited compelling justification for the alleged failure to answer Requests for Admissions. To deem the requests admitted would be a miscarriage of justice and deny Defendant Glamour Moving the opportunity to present a defense in this matter.  Despite never having properly been served with Requests for Admissions, Defendant has drafted responses to those attached as "Exhibit B" of Plaintiffs' Motion for Summary Judgment and has served them herewith.  See Responses to Plaintiff's Requests for Admissions of Fact, attached hereto as "Exhibit D."  Defendant's responses are consistent with its Answers to Interrogatories, and deny that Jack Dill had any role in installing the wire in question and deny that Glamour Moving had any knowledge of the incident prior to the fire.  Defendant has continually disputed liability throughout this suit and was never served with the Requests for Admissions Plaintiffs' seek to have admitted.  As Plaintiffs allege that the requests conclusively establish liability when admitted, to deem them admitted in light of the circumstances would severely prejudice Defendant Glamour Moving Company.[1]

   **WHEREFORE**, the Defendants respectfully requests this Honorable Court deny the Plaintiffs' Motion for Summary Judgment.

---

[1] Defendant does not believe that the requests conclusively establish liability on the part of Glamour, even if deemed admitted.  There is no admission that the alleged electrical work was done in the scope of Glamour's business or at Glamour's direction or performed by Broadfoot while in the scope of his employ. Assuming arguendo, that Scott Broadfoot and Jack Dill, an employee and principal of Glamour, were involved in the wiring in question, there is no evidence to impute negligence upon Glamour Moving as there is no evidence that the work was done in the scope of employment or at the corporation's direction.  Awareness on the part of Glamour Moving principals that the wiring was done by Scott Broadfoot is not evidence of a duty on the part of Glamour and does not conclusively establish negligence.

/s/ _____
WILLIAM C. PARLER, JR.
Bar No:  05087
**PARLER & WOBBER, L.L.P.**
The Hemenway Building
406 E. Joppa Road
Towson, Maryland 21286
(410) 832-1800
Attorney for Defendant Glamour Moving
  Company

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY  that on this 25th day of November, 2003, a copy of the aforegoing was mailed to:

Lloyd J. Snow, Esquire
Cindy R. Diamond, Esquire
Siskind, Grady, Rosen, Hoover & Levin, P.A.
1100 Mercantile Bank & Trust Building
2 Hopkins Plaza
Baltimore, Maryland 21201

Alyssa J. Endelman, Esquire
Paul Hines, Esquire
Grotefeld & Denenberg, LLC
30800 Telegraph Road, Suite 3858
Bingham Farms, MI 48025

*Counsel for Plaintiffs*

Westminster Warehousing Services, Inc.
S/O:  Lee Nelson Kohler, Resident Agent
9409 Washington Avenue
Towson, Maryland 21204

Carroll Fire Protection, Inc.
S/O:  Rosser J. Pettit, Resident Agent
343 N. Charles St.
Baltimore, Maryland 21201

/s/ _____
WILLIAM C. PARLER, JR.