WCPJR:dmk
1/22/04

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **ALLIANZ INSURANCE COMPANY, as** Subrogee of BERTELSMANN, INC. et al. | * |
| | * |
| **Plaintiffs** | |
| | *   CASE NO.: JFM 02 CV 3178 |
| V. | |
| | * |
| **GLAMOUR MOVING COMPANY, INC.,** et al. | * |
| | |
| **Defendants** | |

\* \* \* \* \* \* \*

## GLAMOUR MOVING COMPANY'S MOTION FOR SUMMARY JUDGMENT

Now comes Glamour Moving Company, Inc., by its attorneys, William C. Parler, Jr., and Parler & Wobber, L.L.P., hereby moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The Motion should be granted for the following reasons:

1. Allianz Insurance Company (hereinafter "Allianz") has filed this suit in subrogation seeking reimbursement of sums paid pursuant to an insurance policy issued to Bertelsmann, Inc. (hereinafter "Bertelsmann") for a fire loss which occurred on October 4th, 1999. This action is specifically brought to the use of Bertelsmann.

2. Allianz filed suit against Glamour Moving Company, Inc. (hereinafter "Glamour Moving"), Westminster Warehouse and various other Defendants in the United States District Court for the District of Maryland.

3. The Plaintiff's Complaint seeks recovery for sums that Allianz Insurance was allegedly required to pay to Bertelsmann for the loss of books in the inventory stored at Westminster Warehouse at the time of the fire. See Plaintiff's Complaint, attached hereto as "Exhibit A."

4. The fire was allegedly caused by faulty wiring on site. Plaintiff alleges that Scott Broadfoot, an employee of Glamour Moving, was negligent in running the wire that ultimately started the fire. Plaintiff seeks to hold Glamour Moving liable under a theory of Respondeat Superior. Defendant Westminster Warehouse filed a Cross-Claim seeking indemnification or contribution from Defendant Glamour for Plaintiffs' claims.

5. There is no dispute as to any material fact in this case.

6. Under Maryland law, Glamour Moving cannot be held liable for the alleged negligent actions of its employees if the conduct exceeded the scope of employment and was for the employee's own purposes.

7. Any conduct of Scott Broadfoot in running electrical wire at Westminster Warehouse was for his own personal purposes and exceeded the scope of his employment with Glamour Moving.

8. Accordingly, Glamour Moving is entitled to judgment as a matter of law as to Plaintiffs' claims and Defendant Westminster Warehouse's Cross-claim.

9. Glamour Moving incorporates the attached Memorandum of Points and Authorities and Exhibits, and makes them a part of this Motion.

**WHEREFORE**, Glamour Moving respectfully requests that this Honorable Court grant its Motion for Summary Judgment as a matter of law.

    Respectfully submitted,

    ___/s/_____
    WILLIAM C. PARLER, JR.
    Bar No: 05087
    **PARLER & WOBBER, L.L.P.**
    The Hemenway Building
    406 E. Joppa Road
    Towson, Maryland 21286
    (410) 832-1800
    Attorney for Defendant Glamour Moving
      Company

Law Offices
PARLER & WOBBER, LLP
406 East Joppa Road
Towson, MD 21286

S:\Cases\Allianz v Glamour Moving\MSJ.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ALLIANZ INSURANCE COMPANY, as** Subrogee of BERTELSMANN, INC. et al. | * | |
| | * | |
| **Plaintiffs** | | |
| | * | **CASE NO.: JFM 02 CV 3178** |
| V. | | |
| | * | |
| **GLAMOUR MOVING COMPANY, INC.,** et al. | * | |
| | | |
| **Defendants** | * * * * * * * | |

## REQUEST FOR HEARING

Please set the above captioned case for hearing on the Motion for Summary Judgment of Glamour Moving Company, Inc.

       /s/_____
WILLIAM C. PARLER, JR.
Bar No.: 05087
**PARLER & WOBBER, L.L.P.**
The Hemenway Building
406 E. Joppa Road
Towson, Maryland 21286
(410) 832-1800
Attorney for Defendant Glamour Moving

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ALLIANZ INSURANCE COMPANY, as** Subrogee of BERTELSMANN, INC. et al. | * | |
| | * | |
| Plaintiffs | * | **CASE NO.: JFM 02 CV 3178** |
| V. | * | |
| **GLAMOUR MOVING COMPANY, INC.,** et al. | * | |
| Defendants | | |

\* \* \* \* \* \* \*

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GLAMOUR MOVING COMPANY, INC.'S MOTION FOR SUMMARY JUDGMENT**

Defendant Glamour Moving Company, Inc., by its attorneys, William C. Parler, Jr., and Parler & Wobber, L.L.P., hereby respectfully submits this Memorandum of Points and Authorities in support of its Motion for Summary Judgment.

### I.   STATEMENT OF FACTS

This case involves a fire which occurred on October 4th, 1999 at Westminster Warehouse in Baltimore, Maryland.  Westminster Warehouse served as a warehouse storage facility for books owned by Bertelsmann, Inc. See Complaint, attached hereto as "Exhibit A."  As a result of the fire, Bertlesmann submitted a claim to its insurer, Allianz Insurance Company, pursuant to its policy, in the amount of $165,633.04 for alleged damages suffered as a result of the fire. See "Exhibit A."  Allianz Insurance Company paid the claim and filed this action seeking recovery from Westminster Warehouse, Glamour Moving and Carroll Fire Protection, Inc. for the sums paid under the policy to Bertelsmann, Inc. See "Exhibit A."  Allianz alleges that the Defendants' negligence was the proximate cause of the loss.  Specifically, Allianz alleges that the fire was caused by an electrical malfunction of some wiring located in the office of Defendant Glamour and that Defendant Glamour installed or performed work on the subject wiring prior to the fire.

See "Exhibit A." Allianz further alleges that the fire suppression system for the building failed to properly extinguish the fire in question, resulting in the destruction of the books. See "Exhibit A." Westminster Warehouse filed a Cross-claim against Glamour Moving seeking contribution and/or indemnification for any damages awarded to Plaintiff.

Scott Broadfoot was employed by Glamour Moving Company, Inc. in October 1999. At the time he was working on Work Release from the Carroll County Detention Center after having been sentenced to eighteen months for vehicular manslaughter. See Affidavit of Scott Broadfoot, attached hereto as "Exhibit B." His work release was from 7:00 a.m. until 9 p.m. See "Exhibit B." During that time, Scott Broadfoot personally leased a marine storage container from Westminster Warehouse in which to store his personal belongings. See "Exhibit B." Scott Broadfoot ran an extension cord from the building at 142 Railroad Avenue to the storage container in order to power a light bulb in the storage container. See "Exhibit B." An investigation following the fire suggests that this extension cord may have been responsible for the fire. See "Exhibit B."

At the time of the fire, the only relationship between Glamour Moving and Westminster Warehouse was an agreement to lease space on a parking lot owned by Westminster Warehouse to park ten to twelve trucks overnight or when not being operated. See Affidavit of Jack Dill, attached hereto as "Exhibit C." Glamour Moving did not lease any storage space from Westminster Warehouse and did not have an office at 142 Railroad Avenue, Westminster, Maryland in October of 1999 when the fire occurred. See "Exhibit C." Scott Broadfoot's lease of the storage container and any electrical wiring done by him was entirely to further his own personal interests and was in no way a furtherance of Glamour Moving Company's business. See "Exhibit C." Scott Broadfoot was not acting as an agent, employee or in any way on behalf of Glamour Moving in renting the marine storage container or in running electricity to the same. See "Exhibit C."

## II. STANDARD OF REVIEW

Summary Judgment is proper when, after viewing the pleadings, depositions, answers to interrogatories, admissions on file, motion and response in favor of the non-moving party, there is no genuine issue of material fact, and the party in whose favor judgment is entered is entitled to judgment as a matter of law. Pittman v. Atlantic Realty Co., 127 Md. App. 255, 732 A.2d 912 rev'd on other grounds, 359 Md 513, 754 A.2d 1030 (2000); Md. Rule 2-501(e).

The burden falls upon party opposing the Motion to show by detailed and precise evidentiary facts, and not conclusions, that there is a genuine dispute as to a material fact. Hill v. Lewis, 21 Md. App. 12, 318 A.2d 850 (1974).  The mere existence of a scintilla of evidence in support of Plaintiff's claim is insufficient to preclude the grant of summary judgment; rather, there must be evidence on which the jury could reasonably find for the Plaintiff. Seaboard Sur. Co. v. Richard F. Kline, Inc., 91 Md. App. 236, 603 A.2d 1357 (1992).

In Celotex v. Catrett, 477 U.S. 317, 106 S. Ct. 2548 (1986), the Court upheld Summary Judgment entered on behalf of Celotex on the grounds that the Plaintiff, despite ample opportunity, had failed to produce evidence that its product was the proximate cause of the death of Plaintiffs' decedent.  In upholding the Summary Judgment, the Supreme Court stated:

> . . . the plain language of Rule 56(c) mandates the entry of 2summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be "no genuine issue as to any material fact", since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.  The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. See 477 U.S., at 320, 323.

The Supreme Court proceeded to state:

> . . . we find no express or implied requirement in Rule 56 that the moving party support his motion with Affidavits or other similar materials <u>negating the opponent's claim</u> . . . one of the principle purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and we think it should be interpreted in a way that allows it to accomplish this purpose. 477 U.S. at 323, 324.

In <u>Beatty v. Trailmaster Products</u>, 330 Md. 726, 625 A.2d 1005 (1993) Maryland adopted the <u>Celotex</u> review for summary judgment.

### III.   ARGUMENT

Maryland law is clear that an employer may be held liable for the tortuous conduct of its employees under the doctrine of respondeat superior.  <u>See</u> <u>Lewis v. Forest Pharmaceuticals, Inc.</u>, 217 F. Supp. 2d 638 (D.Md. 2002).  <u>See also</u> <u>Sawyer v. Humphries</u>, 322 Md. 247, 587 A.2d 467 (1991); <u>Embry v. Holly</u>, 293 Md. 128, 442 A.2d 966 (1982).   However, an employer is only vicariously liable for the negligent acts of its employee if those acts are committed within the scope of employment.  <u>See</u>  <u>Lewis</u>, 217 F. Supp. 2d 638 (D. Md. 2002).   <u>See also</u> <u>Embry</u>, 293 Md. 128, 442 A.2d 966 (1982); <u>Williams v. Cloverland Farms Dairy, Inc.</u>, 78 F. Supp 2d 479 (D. Md. 1999); <u>Henderson v. AT & T Information Systems, Inc</u>., 78 Md. App. 126, 552 A.2d 935 (1989); <u>Globe Indem. Co. v. Victill Co.</u>, 208 Md. 573, 119 A. 2d 423 (1956). For an act to be considered to be within the scope of employment, the conduct of the employee must be of a kind the employee is employed to perform, must occur during a period not unreasonably disconnected from the authorized period of employment, occur in a locality not unreasonably distant from the authorized area, and be actuated at least in part by a purpose to serve the employer.  <u>See</u> <u>Jordan v. Western Distributing Co.</u>, 2003 WL 22318834 (D. Md. 2003).  <u>See also</u> <u>Lewis</u>, 217 F. Supp. 2d 638 (D. Md. 2002); <u>Sawyer</u>, 322 Md. 247, 587 A.2d 467 (1991); <u>Henderson</u>, 78 Md. App. 126, 552 A.2d 935 (1989); <u>Dhanraj v. Potomac Elec. Power Co.</u>, 305 Md. 623, 506 A.2d 224 (1986).  Under Maryland law the essential issue is whether the conduct occurred for personal

reasons or for the purpose of furthering the employer's business.  See Perry v. FTData, Inc., 198 F. Supp 2d. (D. Md. 2002).  See also Rusnack v. Giant Food, Inc., 26 Md. App. 250, 337 A.2d 445 (1975).  Thus, the act of an employee is not within scope of employment if it is done with no intention to perform it as part of or incident to service to his employer.

The burden is upon Plaintiff must show that offending conduct occurred within scope of employment of the servant or under the express or implied authorization of the master.  See Cox v. Prince George's County, 296 Md. 162, 460 A.2d 1038 (1983).  Plaintiff has failed to meet that burden in the instant case.  The undisputed evidence shows that Scott Broadfoot acted alone and for his own individual interests in leasing a storage container and running electricity to it.  See "Exhibit B."  Scott Broadfoot worked for Glamour Moving as a laborer, so the conduct of running electrical wire was not of the kind he was employed to perform.  In addition, the evidence clearly shows that Scott Broadfoot performed any wiring for personal purposes only and not with any intention of furthering his employer's business.  Accordingly, there is no evidence that Scott Broadfoot was acting within the scope of his employment when he allegedly acted negligently in installing electrical wire at 142 Railroad Avenue.  Accordingly, there is no basis for holding Glamour Moving Company, Inc. vicariously liable for the damages suffered by Allianz and no grounds for Westminster Warehouse's indemnification or contribution claim.

**WHEREFORE**, Defendant Glamour Moving Company, Inc. respectfully requests this Honorable Court grant Defendant Glamour Moving Company's Motion for Summary Judgment.

        Respectfully submitted,

        __/s/_____
        WILLIAM C. PARLER, JR.
        Bar No: 05087
        **PARLER & WOBBER, L.L.P.**
        The Hemenway Building
        406 E. Joppa Road
        Towson, Maryland 21286
        (410) 832-1800
        Attorney for Defendant Glamour Moving

CERTIFICATE OF SERVICE

 I HEREBY CERTIFY that on this 22nd day of January, 2004, a copy of the aforegoing was mailed to:

Lloyd J. Snow, Esquire
Cindy R. Diamond, Esquire
Siskind, Grady, Rosen, Hoover & Levin, P.A.
1100 Mercantile Bank & Trust Building
2 Hopkins Plaza
Baltimore, Maryland 21201

Alyssa J. Endelman, Esquire
Paul Hines, Esquire
Grotefeld & Denenberg, LLC
30800 Telegraph Road, Suite 3858
Bingham Farms, MI 48025

*Counsel for Plaintiffs*

Westminster Warehousing Services, Inc.
S/O: Lee Nelson Kohler, Resident Agent
9409 Washington Avenue
Towson, Maryland 21204

Carroll Fire Protection, Inc.
S/O: Rosser J. Pettit, Resident Agent
343 N. Charles St.
Baltimore, Maryland 21201

              ___/s/_____
              WILLIAM C. PARLER, JR.